### TUOHEY v. INMAN.

PARTIES—*garnishment of sheriffs*. The plaintiff, in a garnishment proceeding, who has garnisheed surplus money remaining in the hands of the sheriff, after satisfaction of the execution, and belonging to the execution debtor, should *not* be allowed to come into court and oppose a proceeding by petition to compel the sheriff to *pay* the surplus money to the petitioner.

*Error to Pulaski Circuit Court.*

Hon. JOHN WHYTOCK, Circuit Judge.

FARR & FLETCHER, for plaintiff.

GARLAND & NASH, for defendant.

WILSHIRE, C. J.

At the November term of the Pulaski circuit court, 1868, John Inman filed his petition, alleging, substantially, that William S. Oliver, as sheriff of Pulaski county, by virtue of several executions in his hands against the petitioner, levied upon and sold certain property bolonging to him; and that, after said executions were satisfied, there remained in the

hands of said sheriff, of the proceeds of said sale, a surplus of about $300, belonging to the petitioner.

The petitioner also alleged that he had made demand upon said sheriff for the payment of such surplus; that the sheriff refused to pay the same to the petitioner, alleging as a reason that he had been served with several writs of garnishment, issued by a justice of the peace, against him, as the garnishee of the petitioner, &c.

Upon the petition, Inman moved the circuit court to make a rule upon the sheriff to compel him to pay to petitioner any surplus remaining in his hands, after satisfying the executions, &c.

At the same term of the circuit court, one Henry Tuohey obtained leave to respond to the petition of Inman, and resist the motion for the rule against the sheriff, upon the ground that he was the plaintiff in the garnishment proceedings instituted against the sheriff, as garnishee of the petitioner, before the justice of the peace.

The court below granted the prayer of the petition of Inman, and made an order directing the sheriff to pay the surplus remaining in his hands, as the proceeds of the sale of the petitioner's property on the executions, after said executions were satisfied, over to the petitioner, and declaring the sheriff not liable to be garnisheed for such surplus, and rendered judgment against him for costs, and Tuohey brought error.

After the case was brought into this court, the death of Inman was suggested, and the cause revived in the name of W. S. Oliver, as public administrator.

The question sought to be raised and determined in the circuit court, by Tuohey, could have been raised and presented by the sheriff. But Tuohey should not have been allowed to come into the circuit court and made a party in this case, to determine the sufficiency or propriety of the garnishment proceedings instituted by him, and undetermined in the justice's court.

If the surplus, alleged to be remaining in the hands of the sheriff, belonging to the petitioner, could be garnisheed, Mr.

Tuohey was remitted to the garnishment proceedings instituted by him against the sheriff, as the garnishee of Inman. If the surplus in the hands of the sheriff, belonging to Inman, could not be garnisheed by his creditor, certainly Tuohey should not be allowed to interpose any objection to the proceedings of Inman to recover from the sheriff such surplus.

In this view of the case, we do not think the question is before us whether a surplus, remaining in the hands of a sheriff, collected on execution, belonging to the execution debtor, after the execution has been fully satisfied, can be garnisheed, and upon that question we express no opinion.

The judgment in the court below, being against the sheriff, who does not complain, and Tuohey being a mere interloper, the writ must be dismissed.